# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

COFFEYVILLE RESOURCES
NITROGEN FERTILIZERS, LLC.

*Plaintiff,*

vs.

CITY OF COFFEYVILLE, KANSAS,

*Defendant.*

Case No. 10-1032-EFM-KMH

**MEMORANDUM AND ORDER**

On November 3, 2008, Plaintiff, Coffeyville Resources Nitrogen Fertilizers, LLC ("CRNF"), filed suit against Defendant, City of Coffeyville ("City"), in Johnson County District Court, alleging that the City had breached the parties' utility agreement. In its initial complaint, CRNF set forth four state law claims. Plaintiff's case was later transferred to the Montgomery County District Court. Following the transfer, Plaintiff amended its complaint to include a § 1983 claim. Based on the § 1983 claim, the City removed the case to this Court. After the City filed its notice of removal, CRNF filed a Notice of Dismissal (Doc. 11), which stated that CRNF had dismissed its § 1983 claim. CRNF has now filed a Motion to Remand (Doc. 12), claiming that this case should be remanded to state court because there is no longer a federal claim. For the following reasons, the Court denies CRNF's motion.

# II. BACKGROUND//FACTS

CRNF, a Kansas company, operates a fertilizer plant and an oil refinery in Coffeyville, Kansas. To run its operations, CRNF purchases electricity from the City. The electricity that the City provides to CRNF comes from the Grand Dam River Authority ("GDRA"). In order to secure a large supply of electricity, CRNF entered into an Electrical Service Agreement ("ESA") with the City in 2004. This agreement provided, among other things, the following terms: (1) a fixed rate schedule, (2) a provision requiring that at least 90 MV of electricity be made available to CRNF, and (3) a provision requiring reasonable electrical service. Following the signing of the ESA, in 2007, the City signed a new contract with GDRA and agreed to switch from Point-to-Point Transmission Services to Network Integration Service. Due to this switch, both the City and CRNF attempted to negotiate changes to the ESA. Unfortunately, both parties were unable to reach an agreement. CRNF alleges that the City made unreasonable demands and attempted to charge excessive rates. The City denies these charges and alleges that it can now disregard the ESA. Following the breakdown of negotiations, the City enacted an ordinance that charges CRNF higher utility rates.

On November 3, 2008, CRNF filed suit, alleging four causes of action: (1) breach of contract – specific performance; (2) breach of contract – damages; (3) unjust enrichment; and (4) declaratory judgment. Plaintiff's case was transferred to Montgomery County District Court on April 16, 2009. Following the transfer, CRNF amended its complaint to include a § 1983 claim. After CRNF amended its complaint, the City removed the case to this Court based on the § 1983 claim. Three days after the case was removed, CRNF, pursuant to Fed. R. Civ. P. 41(a)(1), filed a notice of dismissal (Doc. 11), which stated that it had dismissed its § 1983 claim. After filing its Notice,

CRNF filed a Motion to Remand (Doc. 12). In this motion, Plaintiff argues that this case should be remanded because there is no longer a federal claim.

In its response to Plaintiff's motion, the City contends that CRNF's motion should be denied because the § 1983 has not been properly dismissed. According to the City, Fed. R. Civ. P. 41(a)(1) only applies to dismissal of an entire action, not individual claims. In its reply, Plaintiff concedes that its § 1983 claim cannot be dismissed pursuant to Rule 41(a)(1). However, it asks the Court to construe its Notice of Dismissal as a motion for leave to amend under Rule 15. The Court declines this improper request,[1] and, for the reasons stated below, denies Plaintiff's motion.

## II. Standard of Review

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[2] The Court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.["3]

The party requesting removal has the burden to establish the federal court's jurisdiction.[4] "Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction."[5] The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[6]

---

[1]Plaintiff's request is improper not only because it is made in a reply, but also because it fails to abide by D. Kan. Rule 15.1(a)(2), which requires the movant to attach the proposed pleading to its motion for leave.

[2]28 U.S.C. § 1441(a).

[3]28 U.S.C. § 1447©).

[4]*Wolf Creek Nuclear Operating Corp. v. Framatome Anp, Inc.,* 416 F. Supp. 2d 1081, 1084-85 (D. Kan. 2006).

[5]*Turner v. Lester,* 2008 WL 2783554, at *2 (D. Kan. July 17, 2008).

[6]*See Ins. Corp. of Ireland, Ltd. v. Campagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982).

If there are any doubts regarding the federal court's jurisdiction, the court must resolve these doubts in favor of remand.[7]

## IV.  Analysis

In its motion, Plaintiff argues that this case should be remanded because its federal question claim has been dismissed and the factors listed in 28 U.S.C. § 1367(c), namely factor three, weigh against the Court exercising supplemental jurisdiction over the remaining state law claims.  As conceded by Plaintiff in its reply, though, its Notice of Dismissal did not dispose of its § 1983 claim.  As a result, Plaintiff's complaint still contains a federal claim.  Because Plaintiff's complaint still contains a federal question claim, factor three of § 1367(c) is not applicable.  Thus, in order for the Court not to exercise supplemental jurisdiction, the other factors enunciated in § 1367 must weigh against the Court hearing the state law claims.  After reviewing these factors, the Court finds that they fail to accomplish this feat.  Therefore, in light of the fact that Plaintiff's action contains a federal question, the Court concludes that the exercise of supplemental jurisdiction over Plaintiff's state law claims is proper.   Plaintiff's motion is denied.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Remand (Doc. 12) is hereby Denied.

**IT IS SO ORDERED**.

Dated this 20th day of July, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7]*Thurkill v. The Menninger Clinic, Inc.,* 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999).